Whipple
*v.*
Newton.

## Joseph P. Stickney *versus* Samuel Davis.

After a verdict was found for the plaintiff in an action, certain questions of law were reserved, but upon a hearing judgment was rendered on the verdict. In the mean time the plaintiff had died, but this fact being unknown to his counsel, the execution was issued in his favor. The Court, upon the execution being returned unexecuted and cancelled, vacated the judgment and permitted the administrator to come in and prosecute the action, it appearing that the rights of third persons would not be affected thereby.

In this case a petition was filed by John Stickney, setting forth that he was the administrator of Joseph P. Stickney, the plaintiff, formerly of Albany in New York, deceased; that the plaintiff, in his lifetime, commenced an action against the defendant in the Court of Common Pleas in this county; that the defendant appealed from the judgment therein rendered, to this Court, and duly entered his appeal; that at the April term, 1834, of this Court, a trial was had, and a verdict was rendered for the plaintiff; that certain questions of law were reserved for the whole Court, and the action was thereupon continued until the September term, 1834; that at that term, after a full hearing of the arguments upon the questions of law, judgment was rendered and entered up for the plaintiff, for the sum of $91·63, damages, and for the sum of $111·98, costs; that on October 15, 1834, an execution was duly issued; that in fact, after the trial at the April term of this Court, and previously to the rendition of judgment, the plaintiff died in New York, but the fact of his death was unknown to his counsel, till after the issuing of the execution; that the execution was wholly unsatisfied, and was returned into Court without having been served; and that on March 3, 1835

Stickney
v.
Davis.

after the issuing of the execution, the petitioner was appoint-
ed administrator of the plaintiff.

The petitioner thereupon prayed, that the action might be
brought forward upon the docket of the Court, and his ap-
pearance, as administrator, entered therein ; that upon filing
the original execution in the Clerk's office, a new execution
might issue upon the judgment in favor of the petitioner, as
administrator ; and that such other proceedings might be had
upon this application, as to law and justice might appertain.

*Oct. 6th.*     *Washburn*, for the petitioner, to the point, that all the pro-
ceedings in court after the death of the intestate, were void,
cited *Hildreth* v. *Thompson*, 16 Mass. R. 192 ; and to the
point that the remedy of the petitioner was not by writ of er-
ror, but that the Court could correct the mistake on motion,
*Shirley* v. *Lunenburgh*, 11 Mass. R. 379 ; *Whiting* v. *Coch-
ran*, 9 Mass. R. 532 ; *St.* 1788, *c.* 11 ; *St.* 1782, *c.* 9 ; 3 Bl.
Comm. 24 ; *Wells* v. *Dench*, 1 Mass. R. 232 ; *Thatcher* v.
*Miller*, 13 Mass. R. 270 ; *Hutchinson* v. *Crossen*, 10 Mass.
R. 251 ; *Atkins* v. *Sawyer*, 1 Pick. 354 ; *Hamilton* v. *Ly-
man*, 9 Mass. R. 19 ; *Bowdoin* v. *Jordan*, 9 Mass. R. 160 ,
*Perry* v. *Wilson*, 7 Mass. R. 393 ; *Commonwealth* v. *Moore*,
3 Pick. 194 ; 6 Dane's Abr. 300 to 302 ; *St.* 1783, *c.* 32,
§ 10.

*Merrick*, *contrà*, to the point, that the judgment was erro-
neous, it being rendered after the death of the intestate, cited
*St.* 1783, *c.* 32, § 10 ; *St.* 1783, *c.* 59 ; 2 Tidd's Pr. 1107 ;
and that an erroneous judgment could not be aided on motion,
*Field* v. *First Mass. Turnpike Corp.* 5 Mass. R. 389 ; *Waite*
v. *Garland*, 7 Mass. R. 453 ; *Thomas* v. *Sever*, 12 Mass. R.
379.

*Oct 7th.*     SHAW C. J. delivered the opinion of the Court.   Upon
this petition to vacate a judgment as having been erroneously
entered, after the death of the plaintiff, notice was given to
the defendant and thereupon the parties have been heard.
The course indicated by the plain dictates of justice, and by
the spirit of the statutes, is very clear.   I allude to the stat-
utes allowing representatives to come in and prosecute and
defend, upon the death of either of the parties to a civil ac-
tion, in any stage of the suit.   In the present case the plain-

tiff died after the trial of the cause, and a verdict in his favᵒ ⱼ, but before the entry of judgment. Where a cause, after argument, is held under advisement, the Court will order a judgment to be entered *nunc pro tunc*, to avoid entering an erroneous judgment, where a party has died in the mean time. Where it clearly appears that no action has been had on the judgment, or the execution, if one has been issued, has been returned to the files unexecuted, and where the rights of third persons cannot be affected, there seems to be no reason why the same thing should not be done by vacating the entry of judgment and bringing the action forward. This ought to be done with great caution, and with a strict regard to the rights of others.

Let the entry of judgment at the October term, 1834, be vacated, a suggestion of the death of the plaintiff entered, and the cause be continued, without costs, to the April term, and thence to this term.

And now, the execution being first returned and cancelled, the petitioner is permitted to come in and prosecute as administrator of the plaintiff, and judgment is rendered on the verdict.